CITIZENS RAILWAY COMPANY v. NANCY C. GOSSETT ET AL.

Decided January 11, 1905.

**Charge—Contributory Negligence—Driving Across Street Car Track.**

Requested instruction on contributory negligence of wagoner in driving upon a street-car track, above level of street, held sufficiently covered by the general charge to present the issue as made by the pleadings.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*J. A. Kibler* and *Clark & Bolinger,* for appellant.—It was only the duty of defendant to exercise ordinary care in the construction and maintenance of said street to keep the same in a reasonably safe condition, as set forth in special charge number 6, requested by defendant and refused by the court; whereas, the court, by the charge complained of, instructed the jury that it was the defendant's duty absolutely to

keep said street in a reasonably safe condition, and the court thereby imposed a higher duty upon defendant than imposed by law. City of Dallas v. Moore, 32 Texas Civ. App., 230, 74 S. W. Rep., 95; Citizens Railway Co. v. Gossett, 68 S. W. Rep., 707; City of San Antonio v. Porter, 24 Texas Civ. App., 444, 59 S. W. Rep., 925.

*A. C. Prendergast* and *Sleeper & Kendall,* for appellees.—The paragraph of the charge of the court here complained of did not impose upon the appellant a higher duty in the care and maintenance of its track than that imposed by law, for said charge, taken as a whole, only required of appellant the use of ordinary care in the maintenance of such street and track, and was not vague and indefinite, or calculated to confuse the jury; and the same being a proper charge upon the subject, it was not error to refuse the special charges requested. International & G. N. Ry. Co. v. Butcher, 10 Texas Ct. Rep., 825.

### OPINION ON REHEARING.

EIDSON, ASSOCIATE JUSTICE.—In the original opinion in this case we held that the court below erred in refusing to give to the jury the following special charge requested by appellant: "If the jury find from the evidence that the defendant's street-car track was in an unsafe condition, and that the rails projected above the surface of the street to such an extent as to render crossing over the same dangerous at the point where the said William J. Gossett attempted to cross the same, and that the said William J. Gossett actually saw or discovered the dangerous condition of said track or rail, or, in the exercise of ordinary care, ought to have seen it, and attempted to cross the same with a loaded wagon, and was injured thereby, and that an ordinarily prudent person would not have done so, and that he was negligent in so doing, then, and in this event, the plaintiffs could not recover, and you will find for the defendant."

Appellees, in their motion for rehearing, insist that this court erred in such holding, upon the ground that the court below, in its main charge, sufficiently instructed the jury upon the issue to which said special charge was intended to apply. The pleading of appellant, to which said special charge was intended to apply, is as follows:

"By way of further special answer, if so required, comes the defendant, and says that, if it be true, as alleged by the plaintiff, that the said William J. Gossett was caused to fall and to be injured on account of the defective condition of the track and the north rail thereon, on Herring Avenue, as alleged by plaintiffs (all of which allegations and averments by plaintiffs are not admitted, but expressly denied), then the defendant says and charges that the said William J. Gossett was guilty of contributory negligence which proximately contributed to and caused his injuries and death in this: That he was voluntarily driving an old wagon, which he had bought second hand and had used for several years, and either knew, or ought to have known, that said wagon would be easily broken by a strain when loaded, the right hind wheel of which was in a dangerous and defective condition, in that the spokes next to the hub were all broken, which fact said Gossett either knew, or ought to

have known by the exercise of care, and that said wagon was heavily loaded with cotton in the seed, said wagon having high sideboards upon it, and said Gossett was sitting on the front end of said high load of cotton, and that [while] he was in such position, with his heavily-loaded old wagon, he voluntarily drove his wagon over and astraddle of the north rail of the defendant's track, at a time and place where such movement was entirely unnecessary."

The charge of the court given to the jury, and which was intended to apply to the issue raised by said pleading, is as follows: "If you believe from the evidence that the right hind wheel of his (Gossett's) wagon was defective and in a dangerous condition, so as to be easily broken by a strain, when loaded, by reason of the spokes being broken next to the hub, and that he either knew, or could, by the exercise of ordinary care, have known its defective condition, and that he voluntarily drove his wagon astraddle of the north rail of defendant's track, at a time and place where such a movement was unnecessary, and that he knew, or by the exercise of ordinary care, could have known, the defective condition of defendant's track, if it was defective, and that in so doing he did not exercise ordinary care for his own safety, and that, as a result thereof, he was injured, . . . you will find for the defendant, although you may believe that defendant had negligently permitted its said track to become in an unsafe condition, as alleged by plaintiffs."

Upon a more careful examination and analysis of the pleading of appellant, raising the issue to which its said special charge was intended to apply, and the charge given by the court in response to such pleading, we have arrived at the conclusion that the charge of the court quoted above sufficiently covered the issue raised, and the court below did not err in refusing appellant's said special charge.

The motion for rehearing is therefore granted, the original opinion herein withdrawn, and the judgment of the court below is affirmed.

Writ of error refused.

*Affirmed.*